BENJAMIN KATZ and Another, Copartners in Business under the Firm Name and Style of KATZ & SEGAL, Appellants, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY and Another, Respondents.

Supreme Court, Appellate Term, Second Department, January Term, 1930.

*Robert Abelow*, for the appellants.

*Emanuel Goodman*, for the respondents.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellants, and judgment directed for the plaintiffs for the amount demanded, with appropriate costs in the court below. The jail liberties are defined by statute (Prison Law, § 357, now Correction Law, § 510, as amd. and renum. by Laws of 1929, chap. 243). They may not be extended by the court. But even if the order purporting to do so had been made with authority it did not and could not modify the undertaking. The surety's liability was in no way changed by that order. Besides, the order was made against the opposition of the plaintiffs. The appeal in the original action was determined when the order of the Appellate Term was made and filed in the office of its clerk. Thereupon the extension of the jail liberties terminated by the terms of the order that purported to extend them. It was after that date that the original defendant was found without the county of Kings and this action was started. There was then a breach of the undertaking given for the jail liberties.